## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Case No. 12-11687-JAD |
| | ) | |
| MICHAEL A. RUIZ, | ) | |
| | ) | Chapter    13 |
| Debtor. | ) | |
| | X | |
| | ) | |
| RONDA J. WINNECOUR, | ) | Doc. No. |
| CHAPTER 13 TRUSTEE, AND | ) | |
| MICHAEL A. RUIZ, | ) | Related to ECF Nos. 274, 305, |
| | ) | 306, 314, and 316 |
| Movants, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| No Respondents. | ) | |
| | X | |

### MEMORANDUM OPINION

The Court is called upon to address a motion, captioned as a "Motion for Reconsideration or Appeal," filed by Ms. Tammy Yori on April 19, 2018 (ECF No. 316, "Motion for Relief").

While not a model of clarity and filed by Ms. Yori on a *pro se* basis, the Court believes the Motion for Relief relates to this Court's orders approving the *Chapter 13 Trustee's Motion for Discharge of Debtor and Approval of Trustee's Report of Receipts and Disbursements.* See ECF Nos. 305, 306. It also relates to the final decree entered by this Court at ECF No. 314.

While this is Ms. Yori's sixth motion asking the Court to "reconsider or appeal" an order, the present Motion for Relief shares the same lack of clarity as

the prior motions.  Parenthetically, the Court would note that similar problematic motions were filed by Ms. Yori in the United States District Court for the Western District of Pennsylvania.[1]

Courts construe appeal notices liberally.  Smith v. Barry, 502 U.S. 244, 248 (1992).  When a party proceeds *pro* se, federal courts will liberally construe the *pro se* litigant's paper requesting an appeal as a proper notice of appeal under the Federal Rules.  Smith v. Gramms, 565 F.3d 1037, 1041 (7th Cir. 2009).  With these standards in mind, this Court construes the Motion for Relief as a notice of appeal as it undoubtedly asks for an appeal of this Court's prior orders.

Because Ms. Yori has lodged an appeal, and as set forth more fully below, this Court lacks jurisdiction to address her request that this Court "reconsider" the orders appealed. Even if the Court had the power to "reconsider" its prior orders, no basis exists in the record or in law for the Court to grant the relief requested.

The record reflects that the Debtor filed his chapter 13 case following the commencement of the divorce from his spouse and following the commencement of a mortgage foreclosure action with respect to the marital home.

Ms. Yori is the aggrieved former spouse of the Debtor.  Over the last five and one-half years, Ms. Yori's arguments before the Court, and replicated in her

---

[1] See Case Nos. 1:14-cv-00289-JFM (Erie), 1:14-cv-00296-BR (Erie), and 1:15-cv-00083-BR (Erie).

court filings, complain bitterly about the loss of her marital residence, her marriage, and the various courts that have addressed these issues.

Prior to the commencement of the bankruptcy case, the Debtor and Ms. Yori shared a marital residence, which was subject to a mortgage foreclosure action. After the bankruptcy case was filed, Ms. Yori filed an emergency motion, which appeared to ask the Court to enjoin a state court order authorizing the Debtor's retrieval of personal items from the marital residence. See ECF No. 27. The Court denied the motion noting that it was the Debtor who had requested the relief from the state court,[2] and as such there was no violation of the automatic stay and the Court had no basis for exercising jurisdiction. ECF No. 28.

Thereafter, the mortgagee filed a motion for relief from the automatic stay to proceed with foreclosure as to the marital residence (ECF No. 99), which motion was opposed by Ms. Yori but not the Debtor. The Court granted the motion for relief (EFC No. 117).

Ms. Yori then requested an extension of time to appeal—which was granted, and filed motion asking the Court to "make corrections" to the order granting relief. Ultimately, the Court denied this motion to reconsider. See ECF Nos. 144, 149, 152, and 157.

---

[2] 11 U.S.C. § 362(a) operates as a statutory injunction or stay only with respect to acts "against" a debtor or property of the estate, and does not apply to actions "commenced by" the debtor or the estate.

Early on in this bankruptcy case, Ms. Yori also orally moved for relief from the automatic stay to proceed with state court proceedings with respect her and Mr. Ruiz's various domestic relations issues, which relief was granted by the Court by way of order dated September 16, 2013. (EFC No. 50).

Ms. Yori also filed a Proof of Claim (Claim No. 10), which lacked details and clarity, but which included a copy of the mortgage foreclosure complaint, and a state court docket regarding a domestic relations proceeding. The Debtor filed an Objection to Ms. Yori's Proof of Claim (ECF No. 222), and the Court sustained the Objection with no opposition from Ms. Yori. (ECF No. 229). This order was vacated by Judge Agresti several days later (ECF No. 231), and all matters relating to the Yori Proof of Claim were transferred by Judge Agresti to Judge Taddonio. See ECF Nos. 232 and 233. Judge Taddonio sustained the Objection to Ms. Yori's claim based on the fact that there was no opposition to the Objection. See ECF No. 234. A copy of Judge Taddonio's Order is attached hereto at Exhibit "A".

Shortly after the commencement of this bankruptcy case, and as required by the Bankruptcy Code, the Debtor filed his Chapter 13 Plan, which was approved, on an interim basis. See ECF Nos. 18 and 32. The Debtor then filed an amended Chapter 13 Plan, which was contested orally by Ms. Yori. See ECF Nos. 46 and 47.

Thereafter, and after Ms. Yori had complained about significant amounts due her from the Debtor arising from the breakup of their marriage, the Court

instructed the Chapter 13 Trustee to investigate the amount of support arrearages and to report her findings. Following that instruction, the Trustee filed her report, which indicated arrearages of $3,893.28. ECF No. 55.

After the Chapter 13 Trustee filed her report, Ms. Yori again contested the Debtors Amended Chapter 13 Plan. ECF No. 59. Several months later, the Debtor filed yet another Amended Chapter 13 Plan, to which Ms. Yori objected. See ECF Nos. 69, 74, 76, and 79. The Court denied the third objection, ECF No. 79, for being untimely. See ECF No. 80.

Following the denial of the third objection, Ms. Yori filed a motion to reconsider, ECF No. 84, apparently challenging the scheduling of the hearing on the Amended Chapter 13 Plan, which was denied by Judge Agresti. See ECF No. 85. Ms. Yori followed with a motion to recuse. ECF No. 111. The Court conducted a combined hearing on the Debtor's Amended Chapter 13 Plan and the Motion to Recuse, which resulted in an agreement, on the record, whereby the Debtor would remove support and arrearages from his Chapter 13 Plan and allow the state court to handle those matters "outside the plan." This "agreement" was embodied in the Court's Order denying the recusal request and directing that an amended Chapter 13 Plan be filed. ECF No. 131.

The Debtor then filed an Amended Plan (ECF No. 134). Given the Amended Plan, a response deadline and hearing date were set by the Court, which followed by Ms. Yori's motion to extend the time to file an appeal of "the hearing date set" and asked in the alternative that the Court "alter or amend his ruling." (EFC No.

140).   Again, the Court could not plainly conclude if this motion was relating to the orders granting the mortgagee relief from the automatic stay to the mortgagee (ECF No. 117), or setting a hearing on the Amended Plan (ECF No. 139),  or to the denial of the recusal request, reciting the parties agreement regarding the state court matters, or to the prior order directing that an amended Chapter 13 Plan be filed (ECF No. 131).

The Court considered the motion, and stated that "the Court's initial reaction is one of surprise, in that Yori had essentially consented to the entry of both Orders." ECF No. 144, p. 2.

After considering all rational arguments of why the motion might be justified, the Court denied the motion.  Id.  Unfortunately, Ms. Yori also filed another motion arguably seeking reconsideration of the September 12, 2014 Order (ECF No. 144; see also ECF No. 159), or those other orders therein referenced.  After consideration and opportunity for Ms. Yori to supplement her motion, which she failed to timely do, the motion was denied.  ECF No. 162.

Ms. Yori then filed a pleading entitled "Motion to Stop any Party in this Case of Entering a Declaratory Judgment without all Evidence ….", ECF No. 164, which was denied by the Court.  ECF No. 167.  Three days later, Ms. Yori filed yet another motion to reconsider or appeal (ECF No. 170), and Notice of Appeal (ECF No. 171).  The Court denied the motion to reconsider (ECF No. 172), but the appeal was processed (ECF No. 174).

Extraordinarily frustrated with what the Court characterized as "pattern of abusive and often incomprehensible filings bordering on harassment that have forced the Court and the Debtor to have to expend unreasonable amounts of time and resources in response," the Court entered an Order directing Ms. Yori to show cause why she should not be held in contempt or otherwise sanctioned. See ECF No. 179, hereinafter referred to as the "Rule to Show Cause Order."

This followed the Motion for Contempt filed by the Debtor against Ms. Yori (ECF No. 171). On the same date that the Rule to Show Cause Order was docketed, Ms. Yori filed another motion to reconsider, which was denied. ECF No. 183, 184.

The Court found Ms. Yori in contempt (the "Contempt Order"), but held the Debtor's request for reimbursement of attorneys' fees would be considered prospectively. At this same hearing, Ms. Yori advised the Court that she had filed an action in the District Court naming, Judge Agresti, among others as "defendants." See generally Order, ECF No. 205. In that Contempt Order, Judge Agresti reminded Ms. Yori that he had previously granted her relief from the automatic stay to pursue her state court domestic relations claims against the Debtor, and expanded that relief to include the civil action she initiated in the District Court, as well as for "any other post-petition claims or causes of action that she believes she has against the Debtor." Id. p. 5.

On April 22, 2015, the Debtor filed another Amended Plan, which was confirmed on May 27, 2015. ECF Nos. 216, 224.

Five years after the filing of this bankruptcy case, with the Debtor's fulfillment of the terms of his Chapter 13 Plan, the Chapter 13 Trustee filed her *Motion for Approval of Report and Disbursements* (ECF No. 274), which stated that the Trustee "recommends that the Court treat this Chapter 13 as complete," and "grant the Debtor a discharge pursuant to Section 1328(a) of the Bankruptcy Code."   Ms. Yori filed an objection to the *Motion for Approval of Report and Disbursements,* and "*Motion of Integent*," (ECF No. 281, 282), whereupon Judge Agresti entered an order transferring these matters to the undersigned (ECF No. 283).

This Court by order dated February 28, 2018 (which is annexed hereto at Exhibit "B") scheduled the Trustee's Motion for Approval of Report and Disbursements for hearing on April 3, 2018.

Both the Debtor and the Chapter 13 Trustee responded to the Ms. Yori's objection.   On April 3, 2018, the Court held a hearing on *Motion for Approval of Report and Disbursements,* and "*Motion of Integent*," which the Court viewed as an "Application for Proceeding in Forma Pauperis."   The Court granted the Chapter 13 Trustee's *Motion for Approval of Report and Disbursements* (ECF No. 305), granted the Debtor a discharge (ECF No. 306), and denied the Application for Proceeding in Forma Pauperis (ECF No. 308).   A Final Decree to close the bankruptcy case was issued on April 10, 2018.   On April 19, 2018, Ms. Yori filed her Motion for Relief.

Several lines of the Motion for Relief read as follows:

I Tammy Yori come before this court on this date of 17th April 2018 and request Honorable Judge Deller and Honorable Judge Agresti to make order that Tammy Yori is ordered a motion or reconsideration or an appeal to the 3rd Circuit Court of Appeals. I am writing my court request in this format as I may want to appeal some of the parties but not all . . . .

Motion to Reconsider or Appeal, p.1.

I Tammy Yori please ask either court that signed their name on 3rd of April 2018 in the above docket to order me a reconsideration hearing or forward this to appeal on this date of 17th April 2018.

Motion to Reconsider or Appeal, p. 13.

The gist of these statements is that Ms. Yori desires to appeal the Court's Order granting the Trustee's *Motion for Approval of Receipts and Disbursements*, the discharge order, and the final decree entered in this case.

As a general matter, the "filing a notice of appeal divests a lower court of jurisdiction over the subject matter of the appeal in order to avoid confusion and maintain the integrity of the appeal process." In re Pursuit Capital Management, 2017 WL 2537234, at *7 (Bankr. D. Del. June 9, 2017); In re Whispering Pines Estates, 369 B.R. 752, 757 (1st Dist. BAP 2007) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

The rationale of this rule is to prevent "confusion and inefficiency if two courts were to adjudicate the same issues simultaneously." In re Pursuit Capital Management, 2017 WL 2537234, at *7. Therefore, the lower court is divested from considering any matter than can directly affect

the outcome of an appeal.  See In re Whispering Pines Estates, 369 B.R. at 761.

Because bankruptcy cases present multiple parties with diverse interests, "the appeal of an order denying a party's motion to proceed in an adversary proceeding does not stay the entire bankruptcy case." In re New Century TRS Holdings, Inc., 2013 WL 5755058, at *3 (Bankr. D. Del. Oct. 16, 2013); In re Pursuit Capital Management, 2017 WL 2537234, at *6.

Rather, Fed.R.Bankr.P. 8005 provides that, during an appeal, "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."

However, "a bankruptcy court must not exercise jurisdiction over issues which would "so impact the appeal as to circumvent the appeal process." In re Whispering Pines, 369 B.R. at 759.  For example, a bankruptcy court cannot alter or modify its prior order while that order is pending on appeal. See In re 710 Long Ridge Road Operating Co., II, LLC, 2014 WL 1548 at *3 (Bankr. D.N.J. 2014); In re Rivera, 580 B.R. 432, 438–39 (Bankr. E.D. Pa. 2017).

In applying these general precepts to the case sub judice, the record reflects that there are no other matters that remain pending in this bankruptcy case.  As such, the only item to proceed is the appeal by Ms. Yori for which this Court lacks the requisite jurisdiction to decide.

Even if this Court could hear and decide Ms. Yori's Motion for Relief, the Court can ascertain no basis upon which such a motion can be granted.

First, there is no such thing as a "motion for reconsideration" in either the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure. Liberally construing the Motion for Relief as a motion seeking relief under Fed.R.Bankr.P. 9023 (request for a new trial) or 9024 (request for relief from a judgment), the relief sought by Ms. Yori is not warranted. The Court reaches this conclusion because Ms. Yori, for at least the sixth time in this bankruptcy case, is asking for a second, if not sixth, bite of the apple.

Indeed, courts have held that motions seeking "reconsideration" should be granted sparingly and may not be used to rehash arguments which have already been decided by the Court. <u>Ciena, Corp. v. Corvis Corp.</u>, 352 F.Supp.2d 526, 527 (D. Del. 2005). Parties are also not entitled to the proverbial second bite of the apple simply because they disagree with the decision of the Court. <u>See Bhatnagar v. Surrendra Overseas, Ltd.</u>, 52 F.3d 1220, 1231 (3d Cir. 1995)(disagreeing that district court abused its discretion because the motion for reconsideration was a classic example of an attempt at a "second bite of the appel").

Even if the Court could "reconsider" the Orders it previously entered, nothing in the record leads the Court to conclude that any error occurred.

In Ms. Yori's objection (ECF No. 281, the "<u>Objection</u>") to the *Chapter 13 Trustee's Motion for Discharge of Debtor and Approval of Trustee's Report of Receipts and Disbursements*, and at the hearing on April 3, 2018, she did not

dispute the Trustee's accounting or proposed distribution, except to (1) contest discharge of her former spouse, and (2) contend that she held some sort of allowed claim entitled to a distribution that was not provided in the Trustee's report of receipts and disbursements.  The record, however, reflects that both Ms. Yori's challenge to the discharge and request for payment are misplaced.

As to Ms. Yori's challenge to the discharge, the record reflects that the deadline for filing a complaint asserting objections to discharge passed on May 13, 2013 (see ECF No. 19).

As to Ms. Yori's request for payment, the record reflects that she was granted relief form the stay to pursue domestic relations claims against the Debtor in state court, which court ultimately denied her claims. See ECF Nos. 292-2 and 292-3 (which are reproduced and attached hereto for convenience at Exhibit "C").

Undaunted, she filed actions in the United States District Court against the Debtor and Judge Agresti, among others, which claims were dismissed.

Ms. Yori also filed a Proof of Claim in this Court, which was disallowed. See ECF No. 234 (which is attached hereto at Exhibit "A").

As a result, of the above, the record supports a finding that no payment is due Ms. Yori and the Chapter 13 Trustee's proposed final report and account providing for no distribution to Yori was appropriate.

Therefore, to the extent this Court would have jurisdiction over her Motion for Relief, an Order shall be entered that denies it and orders that the Clerk treat the Motion for Relief as a notice of appeal under applicable rules of procedure.

**BY THE COURT,**

**Dated:  May 16, 2018**

_____

**JEFFERY A. DELLER**
**Chief United States Bankruptcy Judge**

Court Administrator to Serve:

Debtor
Debtor's Counsel
Chapter 13 Trustee
Tammy Yori

FILED
5/16/18 3:07 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**Exhibit "A"**

FILED
2015 JUL 8 A 8:30
CLERK
U.S. BANKRUPTCY
COURT - PGH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 12-11687-TPA |
| | : | |
| MICHAEL A. RUIZ | : | Chapter 13 |
| | : | |
| Debtor(s). | : | |
| | : | |
| | : | Related to Doc. No(s). 222 |
| MICHAEL A. RUIZ | : | |
| | : | |
| Movant(s), | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TAMMY MARIE YORI | : | |
| | : | |
| Respondent(s). | : | |
| | : | |

## ORDER

    **AND NOW**, this 8th day of July 2015 an Objection to Claim [Dkt. No. 222] having been filed by the Debtor on May 26, 2015 and according to the record, was duly served on the Claimant and no response or opposition to the Debtor's request having been timely filed, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the Debtor's Objection to Claim is sustained; and that all claims of Tammy Marie Yori are disallowed in their entirety.

    It is **FURTHER ORDERED** that the hearing scheduled for July 22, 2015 at 9:30 AM is **CANCELLED.**

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

<u>Case Administrator to mail to:</u>
Debtor,
Counsel for Debtor
Tammy M. Yori,
Chapter 13 Trustee
Office of the U.S. Trustee

# Notice Recipients

District/Off: 0315−1              User: mgut                    Date Created: 7/8/2015
Case: 12−11687−TPA               Form ID: pdf900               Total: 5

**Recipients of Notice of Electronic Filing:**
ust      Office of the United States Trustee      ustpregion03.pi.ecf@usdoj.gov
tr       Ronda J. Winnecour        cmecf@chapter13trusteewdpa.com
aty      Robert Edward McBride        mcbridelaw1@gmail.com

                                                                    TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db       Michael A. Ruiz        2724 Evanston Avenue        Erie, PA 16506
cr       Tammy Yori       3910 Calico Drive        Erie, PA 16506

                                                                    TOTAL: 2

# Exhibit "B"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| MICHAEL A. RUIZ, | : | Bankruptcy No. <u>12-11687JAD</u> |
| | : | |
| | : | |
| Debtor(s). | : | Chapter 13 |
| | : | |
| ********************************************** | : | |
| RONDA J. WINNECOUR, | : | |
| CHAPTER 13 TRUSTEE, | : | |
| | : | |
| | : | |
| Movants | : | Related to Document Nos . |
| | : | 287,274, 281 and 282 |
| vs. | : | |
| | : | |
| NO RESPONDENTS, | : | |
| | | |
| Respondents | | |

## <u>ORDER</u>

On February 28, 2018, the Court received a motion titled "Motion for Continuance and/or Order That Debtor Must Appear Before the Court for Cross Examination" (the "<u>Motion</u>"). The motion was filed by Ms. Tammy Yori a/k/a Tammy Ruiz, *pro se,* and relates to the hearing scheduled for March 7, 2018 on the Chapter 13 Trustee's *Motion for Discharge of Debtor and Approval of Trustee's Report of Receipts and Disbursement* (the "<u>Chapter 13 Completion Motion</u>").

The record reflects that the deadline to file complaints objecting to dischargeability of certain debts was May 13, 2013. <u>See</u> Fed.R.Bankr.P. 4007; <u>see</u> <u>also</u> *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines* at ECF #19 (stating in bold: "**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 5/13/13**").

As such, the issues raised by the Chapter 13 Trustee Motion are narrow. Namely, for the Court to adjudicate the Chapter 13 Completion Motion, the Court must ascertain (a) whether the Debtor has honored his commitments under the confirmed Chapter 13 Plan and (b) whether the Chapter 13 Trustee has made appropriate distribution of all funds dedicated

00021714

pursuant to the confirmed plan. As to the latter, the Court must ascertain whether the distributions by the Chapter 13 Trustee were made to creditors holding allowed claims who were provided for by the plan and whether the amounts actually paid were compliant with the provisions of the confirmed plan.

Ms. Yori has objected to the Chapter 13 Trustee Completion Motion, and has requested a continuance of the same. While her motion to continue seems to address the availability of opposing counsel, it is silent as to her availability for the hearing. However, the Court gives her motion to continue a liberal reading, and assumes that she cannot attend the hearing on the above referenced hearing date. As such, the Court shall continue the hearing to a later date to insure her attendance at the same.

In addition, citing the opportunity to present evidence, Ms. Yori has requested the Debtor's attendance at the hearing and that of the Chapter 13 Trustee. The Court will grant this request as well, but will rule on the appropriateness or need for testimony at the hearing on this matter.

The Court hereby ORDERS, ADJUDGES and DECREES that:

1. The Chapter 13 Trustee Completion Motion is continued to **April 3, 2018**, at **10:00 AM** in **Courtroom D, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219.**

2. The Debtor and Chapter 13 Trustee are directed to appear and be present at the continued hearing

**Dated:**
February 28, 2018

**JEFFERY A. DELLER** jsf
Chief U.S. Bankruptcy Judge

**CASE ADMINISTRATOR TO SERVE:**

Debtor
Daniel P. Foster, Esq.
Tammy Yori
Ronda J. Winnecour, Esq., Chapter 13 Trustee
Office of the U.S. Trustee

FILED
3/1/18 9:52 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

00021714

**Exhibit "C"**

TAMMY RUIZ, now known as     :   IN THE COURT OF COMMON PLEAS
TAMMY YORI,                :   OF ERIE COUNTY, PENNSYLVANIA
      Plaintiff           :   CIVIL DIVISION
                           :
     vs.                     :
                           :
MICHAEL RUIZ,           :   NO. 10027 - 2010
      Defendant       :

### ORDER

AND NOW, to-wit, this 25th day of November, 2014, after a scheduled hearing on the Motion for Contempt and Enforcement of Order of Court, filed by Michael Ruiz, by and through his counsel, Bradley K. Enterline, Esq., at which Tammy Ruiz appeared *pro se*, and after hearing testimony from both Plaintiff Tammy Ruiz and Defendant Michael Ruiz and reviewing the evidence submitted, and after hearing argument from both parties, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. Plaintiff Tammy Ruiz, now known as Tammy Yori, is hereby found in contempt of the Orders of Court dated October 17th, 2012 and February 11th, 2013, both signed and entered by Judge Elizabeth K. Kelly;

2. Plaintiff Tammy Ruiz, now known as Tammy Yori, shall, within thirty (30) days from the date of this Order, reimburse Defendant Michael Ruiz the total amount of seventeen thousand, four hundred thirty-six dollars and 40/100 ($17,436.40) for the following specific items or suffer sanctions:

   a. Reimbursement owed to Defendant Michael Ruiz in the amount of six thousand dollars and 00/100 ($6,000.00), pursuant to paragraph 10 of the Order of Court dated October 17, 2012;

   b. Forty percent (40%) of the Master's fees, costs and expenses in the amount of one thousand, six hundred fifty-two dollars and 00/100 ($1,652.00);

   c. Forty percent (40%) of the parties' marital debt in the amount of eight thousand, two hundred eighty-four dollars and 40/100 ($8,284.40); and

   d. Missing tools belonging to Defendant Michael Ruiz in the amount of one thousand, five hundred dollars and 00/100 ($1,500.00);

[ Exhibit B ]

3. Upon consideration of the testimony and evidence presented concerning the damage to the furniture, including a four-piece bedroom set with mattress and box spring, an oak chest and wooden chairs, purportedly caused by Plaintiff Tammy Yori, this Court finds there is insufficient evidence to award damages to Defendant Michael Ruiz regarding the damaged furniture; and

4. Plaintiff Tammy Ruiz, now known as Tammy Yori, shall, within thirty (30) days from the date of this Order, pay to Defendant's counsel, Bradley K. Enterline, Esq., reasonable counsel fees in the amount of one thousand, one hundred seventy dollars and 00/100 ($1,170.00), as stated on the record by Attorney Enterline to Plaintiff Tammy Yori and this Court, or suffer sanctions.

BY THE COURT:

_Stephanie Domitrovich_

Stephanie Domitrovich, Judge

cc:     Honorable Thomas P. Agresti, U.S. Bankruptcy Court, U.S. Courthouse, 17 South Park
        Row, Room B250, Erie, PA 16501
        Honorable Elizabeth K. Kelly
        Bradley K. Enterline, Esq., 254 West 6th Street, Erie, PA 16507
        Tammy Yori, 3910 Calico Drive, Erie, PA 16506
        Michael Ruiz, 1422 Nicholson Street, Erie, PA 16509

Exhibit B

Case 12-c 06872-JAD 687 Doc 319 Doc 192 05/16/18 Filed 03/05/18 Entered 05/16/18 03/05/18 13:31:2 Main Desc
Document Exhibit Page Page 23 of 1

Case 1:15-cv-00083-BR   Document 9-1   Filed 04/30/15   Page 12 of 15

### In the Court of Common Pleas of ERIE County, Pennsylvania
#### DOMESTIC RELATIONS SECTION

2015 MAR 23 PM 3 59

DOMESTIC RELATIONS

TAMMY M. YORI        ) Docket Number:     NS200902370

      Plaintiff     ERIE ... PENNIA     )

vs.                      ) PACSES Case Number: 500111382

MICHAEL RUIZ             )

      Defendant        ) Other State ID Number:

6-2

### CONSENT ORDER

**AND NOW,** to wit, on this 23RD DAY OF MARCH, 2015 **IT IS HEREBY**

**ORDERED** that the support order in this case be ○ Vacated or ○ Suspended or

○ Terminated without prejudice or ⊙ Terminated and Vacated, effective 1/12/2015,

due to:

PURSUANT TO THE ORDER OF COURT DATED 3/18/2015 SIGNED BY THE HONORABLE JUDGE, STEPHANIE DOMITROVICH, THE EXISTING ALIMONY/SPOUSAL SUPPORT OBLIGATION IN THE AMOUNT OF $2,000.00 PER MONTH SHALL TERMINATE EFFECTIVE 1/12/2015. AS A RESULT OF THE EFFECTIVE DATE OF THIS ORDER, AN OVERPAYMENT IN THE AMOUNT OF $339.68, MADE PAYABLE TO THE PLAINTIFF, TAMMY RUIZ (TAMMY YORI) HAS OCCURRED AND IT HAS BEEN REMOVED FROM THE SYSTEM. THE DEFENDANT, MICHAEL RUIZ, HAS ONE YEAR FROM THE DATE OF THIS ORDER, 3/23/2016, TO FILE AGAINST THE PLAINTIFF, TAMMY RUIZ (TAMMY YORI) TO RECOVER SAID OVERPAYMENT. IF NO PETITION/COMPLAINT IS FILED ON/OR BEFORE 3/23/2016, THE SAID OVERPAYMENT SHALL BE DISMISSED. THE INCOME ATTACHMENT SHALL TERMINATE/VACATE AND THIS CASE SHALL CLOSE.

Consented:

_____       _____
Plaintiff                             Attorney/Witness

_____       _____
Defendant                          Attorney/Witness

BY THE COURT:

_____
                              JUDGE

3/23/15

_____
                              Date

Form OE-503
Worker ID 25514

Service Type M

Exhibit C