IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL A. RUIZ, | ) | Case No. 12-11687-JAD |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | X | |
| | ) | Related to ECF No. 335 |
| TAMMY YORI, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| - v - | ) | |
| | ) | |
| MIGUEL ANDRES RUIZ a/k/a | ) | |
| MICHAEL ANDREW RUIZ a/k/a | ) | |
| LAKE ERIE PODIATRY, | ) | |
| | ) | |
| Respondent. | ) | |
| | X | |

### MEMORANDUM OPINION

On August 22, 2019, Ms. Tammy Yori filed a motion with the Court titled as a "Motion for Production of Evidence Not Given to Creditor Tammy Yori AKA Tammy Ruiz and Motion to File a Summary Judgment Against Doctor Michael Ruiz" (the "Motion to Compel").

The gist of the Motion to Compel is that Ms. Yori is requesting documents of record in this case. She wants to know the dates and times when hearings occurred, the persons who appeared at said hearings, and which persons received

00027161

notice of hearings.¹ All of such information is currently of public record,² as the Clerk of the United States Bankruptcy Court maintains the docket. The Court file also contains audio files of the hearings which have taken place. Further, when requested and paid for by a party, written transcripts may also be made available of hearings held before the Bankruptcy Court. As such, the Motion to Compel does not raise a "case or controversy" for purposes of adjudication and must be dismissed. Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 37 (1976)("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies").

Not to be lost in the Court's determination is that the Motion to Compel appears to be a continuation of Ms. Yori's domestic relations litigation against her ex-husband, which was addressed in this Court's prior Memorandum Opinion and Order found at ECF No. 319. See In re Michael A. Ruiz, Case No. 12-11687-JAD, 2018 WL 2272634 (Bankr. W.D. Pa. May 16, 2018).

---

¹ The Motion to Compel references certain persons, entities and/or other information. The Court has not canvassed the record to ascertain whether Ms. Yori's allegations are accurate or have any merit. Rather, all that is relevant for purposes of adjudicating the Motion to Compel is that the complete court record is accessible to Ms. Yori from the Clerk of the U.S. Bankruptcy Court.

² There is one exception and it is the filing located at ECF No. 86. ECF No. 86 is a document that is under seal by order of the Honorable Thomas P. Agresti. Such document was filed by Ms. Yori. To the extent Ms. Yori did not retain a copy of what she filed at ECF No. 86, and would like to review ECF No. 86, she may make an appointment to visit the Clerk's Office and the Clerk shall make ECF No. 86 available to her for review.

The record also reflects that on April 10, 2018, a Final Decree was entered closing this bankruptcy case. See ECF No. 314. As evident by its title, the Final Decree is final, and has not been disturbed by any appeal.[3] As such, the Final Decree remains in effect.

Once a Final Decree is entered and the estate is fully administered, this Court's jurisdiction terminates. Walnut Assocs. v. Saidal, 164 B.R. 487, 491 (E.D. Pa. 1994); see also Poplar Run Five, Ltd. Partnership v. Virginia Electric & Power Co., 192 B.R. 848, 859 (Bankr. E.D. Va. 1995) and Cook v. Chrysler Credit Corp., 174 B.R. 321, 327 (M.D. Ala. 1994).

Lastly, a liberal construction[4] of the Motion to Compel does not reveal any cognizable basis for this Court to re-open the underlying bankruptcy case pursuant to 11 U.S.C. § 350(b). It is true that the Court has broad discretion to re-open a case after it has been fully administered. See e.g., In re Zinchiak, 406 F.3d 214, 223 (3d Cir. 2005)(citing Judd v. Wolfe, 78 F.3d 110, 116 (3d Cir. 1996); In re Becker's Motor Transp. Inc., 632 F.2d 242, 245 (3d Cir. 1980); In re Castillo, 297 F.3d 940, 945 (9th Cir. 2002) and In re Woods, 173 F.3d 770, 778 (10th Cir. 1999). However, the circumstances of this case do not warrant re-opening the

---

[3] Ms. Yori lodged an appeal of the Final Decree. But, her appeal was dismissed for failure to prosecute. See ECF Nos. 332 and 334.

[4] Ms. Yori appears before the Court *pro se*. Since she is a layperson representing herself, Court has liberally construed her pleadings, and hold them to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Boag v. MacDougal, 454 U.S. 364 (1982); Higgens v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

instant bankruptcy case.[5] The circumstances *sub judice* include the fact that Ms. Yori's Motion to Compel is merely a request for documents and information that is readily located within the Court's docket. Ms. Yori's claims against Mr. Ruiz were also previously disallowed by an order of U.S. Bankruptcy Judge Gregory Taddonio. See ECF No. 234. The record further reflects that the state court system has also denied Ms. Yori's domestic relations related claims against Mr. Ruiz. See also ECF Nos. 292-2 and 292-3.

Accordingly, an Order shall be entered which denies the Motion to Compel for want of subject-matter jurisdiction.

Date: August 26, 2019

_____
Jeffery A. Deller
United States Bankruptcy Judge

cc:  Ms. Tammy Yori
     Daniel P. Foster, Esq.
     Chapter 13 Trustee

FILED
8/26/19 12:55 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

---

[5] See Janocha v. Janocha (In re Janocha), No. 06-20191JAD, 2015 WL 128152 at *3 (Bankr. W.D. Pa. Jan. 8, 2015) for a discussion of the various factors to be considered when determining whether a court should re-open a bankruptcy case that has been closed and is fully administered. None of the factors cited therein weigh in-favor of reopening the instant bankruptcy case.